FILED

2025 Jan-07  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**JIMMY BAILEY,**
     Plaintiff,

**v.**

                                      **Case No. 4:22-cv-278-CLM**

**ALICIA PETERS,** *et al.*,
     Defendants.

## MEMORANDUM OPINION

Alicia Peters burned Jimmy Bailey's rental property. Bailey sued Peters and his insurer, National Fire and Marine Insurance Company. (Doc. 1-1). The court granted default judgment against Peters. (Doc. 47). So only the claims between Bailey and National Fire remain. Both parties ask the court to grant summary judgment in their favor on the claims between them; National Fire seeks summary judgment on both counts, breach of contract and bad faith (doc. 60), while Bailey seeks judgment only on breach of contract (doc. 57). As explained, the court finds that no reasonable jury could rule for Bailey on either claim, so the court will **GRANT** National Fire's motion and **DENY** Bailey's motion.

## BACKGROUND

Bailey owned a rental duplex. Peters leased and burned the duplex. Peters has been indicted for arson but not yet tried.

National Fire insured the duplex. While the policy covers fire loss, it also contains the following exclusion:

**CAUSES OF LOSS-SPECIAL FORM**

**B. Exclusions**

2. We will not pay for loss or damage caused by or resulting from any of the following:

(h) Dishonest or criminal acts by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose . . .

(Doc. 61-17) (emphasis added).

National Fire determined that Bailey had entrusted the apartment to Peters when he leased it to her, then let her move in. Finding that Peters had acted criminally when she burned the property, National Fire refused to cover Bailey's fire loss.

Bailey sued. He disputes entrusting Peters with the property and disputes that Bailey committed a criminal act. Bailey claims that the failure to pay his claim amounts to breach (Count III), and application of the criminal act exclusion is bad faith (Count IV).

## STANDARD

In considering cross-motions for summary judgment, the court views the facts "in the light most favorable to the non-moving party on each motion." *See Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir. 2012). Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Bailey has two pending claims: breach of contract (Count III) and bad faith (Count IV). The court considers the claims in that order.

### A.    Breach of Contract

As explained in the background, Bailey's claim depends on whether the criminal act exclusion applies. That issue breaks down into three parts: (1) did Bailey own the property; (2) did Bailey entrust Peters with the property; and, (3) did Peters damage the property by committing a criminal act?

#### 1. Property Ownership

National Fire argues that Bailey cannot prove he owns the rental property. (Doc. 66, p. 27). But Bailey has submitted persuasive evidence of property ownership. *See* (Doc. 68-1, (Deed to Jimmy Bailey for 2004 Sanders Avenue)); (doc. 68-2 (Tax Assessor's Record for 2004 Sanders Avenue)). Because the court must view this evidence in a light most favorable to Bailey, the court finds that a reasonable juror could find that Bailey had an insurable interest in the property.

#### 2. Entrustee Status

The parties agree that Bailey leased 2004 Sanders Avenue, Unit B, to Ms. Peters. (Doc. 71, p. 3); doc. 63, p. 4). But they disagree over whether leasing and transferring possession of property qualifies as entrustment.

Bailey claims he never entrusted Peters with the property. (Doc. 61-1, p. 60). According to Bailey, "rent" and "entrust" have different meanings. (Doc. 71, p. 11); (doc. 68-5, p. 20–21). Bailey understands entrustment to require a confidential relationship—something lacking in the landlord-tenant relationship. (Doc. 71, p. 11). In support of this reading, Bailey points to all other listed categories of excluded individuals under the policy. (Doc. 71, p. 13). Unlike partners, trustees, or managers who could financially gain from insurance proceeds, Peters, as a tenant,

would never be in line to receive insurance money Bailey receives to cover the fire damage.

National Fire counters that the leasing of property and the giving of keys both show entrustment. *See Grover Com. Enters., Inc. v. Aspen Ins. UK, Ltd.*, 202 So. 3d 877, 881 (Fla. Dist. Ct. App. 2016). National Fire says that these acts establish that Bailey "surrender[ed] [the] property with confidence regarding its care, use, or disposal," which alone is enough to show entrustment. (Doc. 63, p. 26).

The court agrees with National Fire. Interpretating insurance policies is a question of law for the district court. *Fireman's Fund Ins. v. Tropical Shipping and Const. Co.*, 254 F.3d 987, 1003 (11th Cir. 2001). And the court must "give[] words in the policy their common, everyday meaning and interpret[] them as a reasonable person in the insured's position would have understood them." *See State Farm Mut. Auto Ins. v. Brown*, 26 So. 3d 1167, 1169 (Ala. 2009).

The exclusion's language is broad; it excludes "criminal acts done by . . . anyone to whom you entrust the property ***for any purpose***." Taking money in exchange for allowing a person to live on your property without your presence is one reason (*i.e.* "any purpose") for giving that person responsibility to take care of your property. This plain reading is backed by the Alabama Supreme Court's definition of "entrustment" as "commit[ting] something to another with a certain confidence regarding his care, use or disposal of it." *Prill v. Marrone*, 23 So.3d 1, 10 (Ala. 2009).

Undisputed evidence shows that Bailey leased the duplex to Peters, gave her the keys, and allowed her to dwell in the property. (Doc 61-1 p.31); (doc. 61-7, p. 1-2). Bailey testified that he trusted Peters with the duplex once she took the keys and possession:

> Q: She had possession of the property at the time she started the fire, correct?
>
> A: I assume.

> Q:   And you trusted with possession of the property when you gave her the keys after she signed the lease, correct?
>
> A:   Right.

Doc. 61-1, p. 41. So there is no genuine dispute about entrustment as defined by the Alabama Supreme Court, and no reasonable juror could find that Bailey did not trust Peters with his property. That Bailey's trust was ultimately misplaced is a risk that falls on Bailey, not National Fire.

### 3.  Dishonest or Criminal Act

Trust, however, doesn't end the matter. The exclusion applies only if "[d]ishonest or criminal acts" caused the fire.

1. *No genuine dispute*: National Fire determined that Peters burned the duplex, thus committing a criminal act. National Fire presents this evidence (plus more) to support its contention that no reasonable juror could find that a criminal act did not occur:

- Peters jumped out of the bedroom window where the fire started;
- Police found Peters hiding, holding a lighter and pipe;
- Peters had soot on her hands;
- Peters admitted she had been smoking her pipe;
- Peters told police she started the fire with the lighter because she was trying to burn hell down;
- Officers found Peters' purse and ID in the freezer (a common place to protect papers from fire);
- Fire officials ruled out other sources of the fire, including the stove, breaker panel, refrigerator, microwave, and candles;
- The fire marshal determined that Peters started the fire near the front of Peters' bedroom dresser;
- The fire marshal determined that the electrical outlet 3-4 feet from the apparent origin could not have caused the fire;
- National Fire's fire investigator also determined that the electrical outlet did not cause the fire; and,
- Peters was charged with arson.

(Doc. 63, statement of undisputed facts ¶¶ 10-59).

The court's rules required Bailey to start his brief in opposition with his disputes with National Fire's facts "in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts . . . followed by a specific reference to those portions of the evidentiary record upon which the dispute is based." (Doc. 2, p.17). Bailey did not dispute any of the above facts in the required manner. *See* (doc. 71). Instead, he wrote his own section of "disputed facts" that insinuate either (a) the electrical outlet caused the fire or (b) Peters caused the fire because of mental defect. *Id.*, ¶¶ 25-35.

The court rejects Bailey's attempt to create a dispute over the fire's origin for several reasons. First, Bailey failed to confront National Fire's evidence as required by the court's initial order, which plainly states the consequence of this failure: "All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." Because Bailey fails to controvert National Fire's facts at ¶¶ 10-59, the court treats them as admitted. Second, Bailey's counter statement about the electrical outlet is based on pure speculation. Two officials deemed it could not have caused the fire, and Bailey offers no testimony or evidence that it could have caused it. Pure speculation does not create a *genuine* dispute of fact. Third, the court granted Bailey default judgment against Peters on the theory that Peters either intentionally burned the duplex or negligently and wantonly allowed it to burn, as Bailey alleged in Counts 1-2. (Doc. 1-1). At some point, Bailey will prove the damages caused by Peters. (Doc. 47, p.2). Bailey cannot simultaneously argue that (a) Peters owes him damages for burning his duplex and (b) Peters had noting to do with the fire.

In short, there is no genuine dispute that Peters caused the fire that burned Bailey's duplex.

2. *Criminal act, not conviction*: Bailey alternatively argues that, even if National Fire can prove Peters burned his duplex, Peters' act was not a "criminal act" because she has yet to be convicted. Plus, there is a

chance Peters won't be convicted because a jury might find her not guilty by reason of insanity. (Doc. 62-8, p. 33, 37).

The court rejects this argument because a conviction isn't necessary to prove that an act was "dishonest or criminal." Again, interpreting the exclusion clause is a question of law for the court. The word "act" is not synonymous with the word "conviction"; one can commit a criminal act without a jury finding him guilty of the act. Assume, for example, a masked man robs a bank at gunpoint and is never caught. A criminal act certainly occurred, even if a criminal conviction didn't.

So it doesn't matter if the State cannot find Peters and bring her to trial. Nor does it matter if Peters appears, and a jury finds her not guilty by reason of insanity. The policy exclusion still applies because there is no genuine dispute of fact that Peters set fire to Bailey's duplex, and the court finds as a matter of law that one person setting fire to another person's property is a "dishonest or criminal act" as that term is used in the policy.

—

To sum up, there is no genuine issue of material fact that (a) Bailey entrusted Peters with the duplex and (b) Peters committed a dishonest or criminal act that burned the duplex. Because Bailey's policy excludes coverage in this factual circumstance, no reasonable juror could find that National Fire breached its contract. The court will therefore **GRANT** National Fire's motion to dismiss Count III.

## B.    Bad Faith

National Fire alone asks the court to grant summary judgment on Count IV, bad faith. (Doc. 63, p. 29). The court will grant that motion.

An insured can't establish bad faith without first establishing breach of contract. *See Walker v. Life Insurance Co. of N. Am.*, 59 F.4th 1176, 1186 (11th Cir. 2023). An insured also can't establish bad faith if the insurer had an arguable reason for denying coverage *See id.* at 1183–85. As explained in Part A, no reasonable juror could find that National

Fire breached its contract with Bailey. Because Bailey can't establish breach, he also can't establish bad faith.

Further, even if Bailey's claim for breach had survived summary judgment, the court would still grant summary judgment on bad faith. National Fire had an arguable reason for denying Bailey's claim: National Fire's plausible finding that the criminal act exclusion precluded Bailey's request for coverage.

For either reason, National Fire is entitled to summary judgment on Count IV, bad faith.

### **<u>CONCLUSION</u>**

For these reasons, the court **GRANTS** National Fire's motion for summary judgment, (doc. 60), and **DENIES** Bailey's motion for summary judgment, (doc. 57). The court will enter a separate order that dismisses Counts III and IV with prejudice.

**DONE** and **ORDERED** on January 7, 2025.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE